HAYES v. FIDELITY INSURANCE, TRUST & SAFE-DEPOSIT CO.

(Circuit Court, E. D. Pennsylvania. December 7, 1900.)

No. 6.

NATIONAL BANKS—ASSESSMENT ON SHAREHOLDERS—LIABILITY OF PLEDGEE.

A pledgee of shares of stock in a national bank, with a power of attorney in blank to transfer the same indorsed thereon and signed by the pledgor, does not become liable as owner for an assessment thereon by causing them to be transferred on the books of the bank to a third person for the purpose of being held by him as trustee for both parties, and in accordance with the contract of pledge, although the pledgor did not expressly authorize such transfer.

On Motion for New Trial.

J. G. Johnson and Asa W. Waters, for plaintiff.
R. C. Dale, for defendant.

McPHERSON, J. B., District Judge. I think that the facts in this case do not differ materially from the facts in Anderson v. Warehouse Co., 111 U. S. 479, 4 Sup. Ct. 525, 28 L. Ed. 478, and therefore that in accordance with that decision, which was recognized as correct in Pauly v. Trust Co., 165 U. S. 606, 17 Sup. Ct. 465, 41 L. Ed. 844, this motion must be refused. In the last-named case several rules relating to the liability of shareholders in national banking associations were laid down by the supreme court, and the fourth of these rules (to be found at the foot of page 619, 165 U. S., page 470, 17 Sup. Ct., and page 849, 41 L. Ed.) is evidently founded upon Anderson v. Warehouse Co. The rule is as follows:

"That if one receives shares of stock in a national banking association as collateral security to him for a debt due from the owner, with power of attorney authorizing him to transfer the same on the books of the association, and, being unwilling to incur the responsibilities of a shareholder as prescribed by the statute, causes the shares to be transferred on such books to another under

an agreement that they are to be held as security for the debt due from the real owner to his creditor,—the latter acting in good faith, and for the purpose only of securing the payment of that debt, without incurring the responsibility of a shareholder,—he, the creditor, will not, although the real owner may, be treated as a shareholder, within the meaning of section 5151 of the Revised Statutes."

The case now before me comes precisely within this rule, except that there was no proof of an express agreement that the shares transferred to Hand on the books of the bank should be held as security for the debt due from the Delamaters, the pledgors and the real owners of the shares, to the Fidelity Company, the creditor and pledgee. It does not seem to me, however, that this difference is important, because the jury have found as a fact that the shares were always thus held by Hand as security, and that, when the Fidelity Company caused the name of Hand to be inserted in the blank powers of attorney signed by the pledgors, the company did so with the intention, not of converting the shares to their own purposes, or of treating them as if the company was the real owner, but solely with the intention that Hand should hold them as trustee for all the parties concerned. This being the fact, and Hand's title being thus in reality a title in trust for both parties to the pledge, I think it should make no difference that the pledgors did not formally agree that the shares should be transferred. Even if they had refused to agree to the transfer, they have suffered no harm or injury, and it is difficult to see upon what ground they could be heard to complain. They are not complaining or seeking relief,—certainly not in this suit, to which they are not parties,—but, even if they themselves were complaining of the transfer because they did not agree to it expressly, I should still adhere to the opinion that I expressed at the trial, namely, that when they indorsed the certificates in blank, and delivered them as collateral security to the Fidelity Company to hold as pledged for the loan, the pledgors thus authorized the company to transfer the certificates to a third person, to be held by him in accordance with, but not in opposition to, the terms of the contract of pledge. Hand did hold the shares, as the jury have found, in accordance with the original contract of pledge, and I think, therefore, that the transfer to him was impliedly authorized by the indorsement in blank and the delivery of the shares to the pledgee. A new trial is refused.